on appeal. I would like, Your Honors, to retain three or four minutes for rebuttal. It is the argument of the appellant that she should be granted a new trial because she was denied her right to put a character witness on at her trial. And that character witness would have testified as to her truthfulness and honesty in a case where she had a right to put that witness on for two reasons. One, she was charged with a crimen falsi, that is, having embezzled money from the bank at which she was employed on four occasions. And secondly, because her credibility had been challenged by the government, she did take the witness stand in her own defense. It is the position of the appellant that this Court should consider this issue with a de novo standard. And the reason for that is that the government has, for the first time on appeal, argued that while opinion evidence of Ms. Villalobos' character for truthfulness and honesty would generally have been admissible at her trial, the Court properly excluded that evidence under Rule 403 because its prejudicial value outweighed its probative effect. That argument is made, for the first time on appeal. At trial, the government argued that honesty and truthfulness were not character traits, that what the defense sought to introduce was the character for law-abiding ness, which was provable, and this was the government's statement, only by reputation evidence, because honesty was not an element of embezzlement. And the government also presented to the trial judge a Seventh Circuit case, United States v. Hill, which held that specific acts' evidence was not admissible to prove a defendant's honest behavior in a case where the Hill defendant was charged with the crime of dishonesty of stealing from the mail. None of those arguments were – well, each of those arguments was incorrect. In fact, Fernanda Villalobos had a right to put on opinion and that evidence should have come in. The government now concedes that, but says that it was properly excluded because – under Rule 403. That ground for exclusion was never submitted to the trial court. Therefore, the government cannot – The trial court or the district court at one point mentioned something about opening the door. If this witness came on and then it would open the door to other testimony, that sounded like a bit of a balancing, but I wasn't quite sure where that went. Well, that was actually inaccurate as well, Your Honor. Ms. Villalobos had a prior conviction for malicious mischief that occurred in the course of some domestic dispute a number of years ago. The law is quite clear that if she had presented evidence for truthfulness and honesty, it would not have opened the door to other traits of character. Malicious mischief had nothing to do with her truth and honesty. So, in fact, that was an inaccurate – I think kind of an aside by the trial court. What if the character witness had testified as to law-abidingness? That was one of the issues that came up, in which case the district court statement that the malicious mischief would have been – That's true. And, of course, we never had the character witness on the stand, so I can't say that the witness didn't. But the proposal was that the witness was going to testify to an opinion for truthfulness and honesty. It was the government that was attempting to characterize the testimony as testimony regarding law-abidingness, which it was not purported to be. Now, the district court made several statements about how the evidence was not necessarily probative or – I don't think this is probative of her character – suggesting that the district court was doing the 403 balancing analysis. Why don't we just assume that, in using that language, the court was looking at Rule 403? I think the district court was confused by the government's citation to Hill. And if I may digress a minute, to Hill is a Seventh Circuit case that was decided under Rule 404B, which is not at issue here. Ms. Hill was charged with taking items from the mail, and her defense – her defense attorney wanted to submit three occasions on which letters had been placed in the mail as decoys when she did not steal those letters, to show that she hadn't stolen the letters she was charged with. The Hill court properly ruled those were – that was specific acts evidence that could not be admitted to show her good character. Fernanda Villalobos did not seek to submit specific acts evidence here. Rather, she wanted to put on her employer of four years, for whom she had acted as an office manager, handled finances, handled other office matters, to say that she was a truthful and honest person. The district court ruled that, among other things, that Ms. Villalobos was trying to introduce a small, small instance of behavior. That wasn't the offer of proof, and I think the district court was confused by having been presented with the Hill opinion, which was not on point, and was thinking that this witness was going to testify as to some instance of behavior. However, there was no such offer of proof in that regard. The offer of proof was as to opinion of her truthful and honest character. Therefore, to the extent that the district court made this ruling, it was factually incorrect. The court also said that it doesn't shed light on a specific time frame. It's not necessarily probative because someone was forthright in one situation doesn't mean in their past they've been forthright or honest. Opens up the issue of cross-examination of malicious mischief, not useful for the jury's evaluation. So the district court considered a range of factors in weighing this. I think, though, the district court ignored the essential quality of character evidence. I mean, since far back as Edgington, it's almost been a defendant's absolute right. And, indeed, the Rules Committee compared it to a constitutional right when enacting Rule 404 for a defendant to present character witness. There's no case law whatsoever that indicates that something is that evidence of a person's character, that is an essential trait, is not probative based on the time frame in which the character was observed. A character is assumed to be innate or essential. So that time frame is not important in terms of when the witness made their observations. Obviously, the government, had this evidence been introduced to trial, the government could have made to the jury the point that it makes in its brief. That is, oh, well, perhaps for four years this young defendant was on her best behavior because she knew a trial was coming up and wanted to show that she had a good character, although she was not, she had not been charged with the crime at the time that she was working for this employer for those four years. So I think that the probative nature of character evidence is essential. And the only time a court could really exclude it, and now I'm going into the merits of 403 here, the only time it could really properly be excluded is if it were cumulative, that is, if there had been many character witnesses and we didn't need one more, or that it really was as to a particular instance of behavior which was not what was proposed to do in this case. There was nothing confusing about the situation. That's another ground for exclusion under Rule 403. It was perfectly clear when Ms. Villalobos had worked for this chiropractor, what four-year period, the fact that it was after the, a few, she began working there a few months after she was fired for allegedly having stolen from the bank. That was perfectly clear. It was open to cross-examination. The government was free to argue the temporal issues. So the real essence of the case is that there is one opportunity for one character witness. And that character is considered to be extremely probative in any criminal case where there's an allegation of dishonesty or a crime and falsity. And it's also... Can I ask you a question? Certainly. It sounds almost like you're saying there's an absolute right to introduce character evidence in a criminal case, you know, regardless of how probative it is as to that case. Now, let's say someone had led a life of crime and then they're charged with a crime, but they want to bring in a witness to say that on a particular month they donated time working at some charity, showed good character. You know, they did something like, they did some good deed. Could a judge exclude that? No can do. That would be 404B evidence of a specific act, which is not admissible to prove character. What we're talking about here is rather an opinion as to a general trait of personality. And when I say that the Rules Committee has indicated it's practically a right, I think that's an indication of its probative nature, that good character evidence on the part of a defendant under Rule 404A is considered to be highly probative in any criminal case. And that when this Court is doing the 403 weighing, that has to be taken into consideration. I have very little time left. I'd like to save a few seconds. You can. Thank you. May it please the Court. My name is Susan Dorman, and I represent the United States in the matter of United States v. Fernanda Villa-Lobos. I would quickly like to respond to Judge Acuda's question with respect to the district court's observations at ER 185 when she Before you do that, do you contend that this was a balancing under Rule 403 by Judge Packard? That's what I was going to address, Your Honor. And I do Is that specifically what she thought she was doing? I do, Your Honor Or you should just infer it from the nature of the questions? Well, the district court certainly does not say or articulate that she is talking about I am now talking about Rule 403 balancing test. But she does say, starting at the bottom of ER 184, first of all, I think she is not in the least confused about what the issue is. We are talking about opinion evidence as to truthfulness and honesty during the employ by Dr. Marshall Inman well after the not well after in terms of when it started, but continued well after the time period in question. Moreover, in an entirely different context in relation to financial dealings. It is simply not roughly the same kind of context at all. But the district court says clearly that she is addressing the issue of opinion evidence and then says the opinion as Where are you? I'm sorry, at the bottom of ER 184. And she starts Rule 405 and then goes on. The bulk of the comment is at 185. And I think Judge Ikuda is correct that, and it is the government's position, that although the judge didn't say that she was specifically addressing the rule, she is clearly looking at the case in its entirety, the witnesses in its entirety, and what this, even though it's a short trial, what this witness could or could not bring that would be of assistance and of value to the jury. I don't understand that analysis. What she seems to say is because it's after the event and it's in, as she says, not during the time frame of these events, but after the fact, the kind of inquiry is discouraged because it doesn't shed light on a specific time frame. It only talks about a small, small instance and doesn't, isn't necessarily probative because they were forthright in one. I mean, he was proffered to talk about what, four years of employment, wasn't he? Indeed, Your Honor. It's only one small incident. And why isn't, why isn't somebody's behavior during four years relevant? Why can't the government argue that, yes, it goes to the weight, but to the admissibility? That's, where, do you have any case that supports the notion that you could, because of the time that it came after the event, you can't put in evidence of a person's character and let the government argue, well, yeah, now they're on notice or, you know, but that doesn't reflect on how they were at the time. I just find if we're on a de novo review, I, speaking for myself, I just think that was flat out error. Now, whether it's abusive discretion, if you're saying this really was a 403 weighing, but I'm sure having to struggle to find it as a 403 type weighing. Well, certainly not every single time you had a temporal distinction could you have a blanket rule that said it's, it's. Well, how about in this case? I mean, you've got, she's worked for a chiropractor who's going to come in and said she was honest and truthful with me. Well, part of. She had these responsibilities and I trusted her and so I think. I understand that, Your Honor. And I would say two things. First of all, one of the reasons that this character evidence is so important is because the jobs were roughly the same. And I think the district court was well aware that they were entirely different. Why? She was entirely, she was managing these affairs. Very little. Well. Very little. That goes to the weight. It does. And even if, and maybe I should jump ahead in light, in light of the time and if I haven't answered the court's question, you can come back. You may want to, if Judge Acuda has more questions. I mean, I, I'm just reacting to what you were focused on initially. Let me leave that point simply by saying I do believe that the judge intuitively, innately was thinking of Rule 403 and doing a balancing test and thought that, and made the conclusion, which I don't think lies beyond the pale of reasonable conclusions, that this evidence after the fact as a factor of analyzing under 403 would leave the jury with, in essence, kind of a, so what does that have to do with the tangible evidence that is before the jury in terms of assessing the case and would cause, frankly, just a waste of time? But even if this Court were to determine that this was error, then we are left, of course, with the harmless error analysis. And there's no way under the facts of this case that were before the jury that one could say that Dr. Marshall Inman's testimony that Ms. Villalobos was honest during the course of her employee in an entirely different context would materially have affected this verdict. And what is striking in this case is that the defense, when they called Ms. Villalobos's coworker, who worked with her during the entirety of the time that she was employed at the bank, and would have known her reputation within the community of bank employees, and as well might have had, or one would have known the money, so to speak, in terms of perhaps more significant probativeness than the testimony of Dr. Marshall Inman, that was not explored by the defense. But in this case, there was extremely strong circumstantial evidence. This was not an incomplete or weak circumstantial case, as the defense would have it. There were four transactions showing a common scheme to obtain access to funds. Only Ms. Villalobos was logged on at the time that the teller tapes were manipulated to conceal the transactions, purported cash sales, which would have allowed her at any time that she had her teller drawer open to grab the money, in essence. Only she had her private password. There was no testimony when she was on the stand that I gave it to someone else. No one accessed her teller stations. There were a false statement in terms of her time sheet, that she was at lunch during a time when she is recorded on video, as being at her teller station at the exact time that one of the cover-up transactions was conducted. She gave a... I'm sorry, Your Honor? As I understand it, the defense theory was that there were outsiders, there were other people who had caused these discrepancies. Well, what sort of evidence to that effect was introduced? There was no evidence that any other outsiders could have been involved. And the government's case relied on the fact, as the Court has seen, obviously, in detail in the excerpts of record, that only Ms. Villalobos, at the time of the fraudulent transaction creation, cover-up, for want of a better word, only she was at that teller station. Only she had the password that is not kept by the bank. No one else would have had it. No one could have manipulated those teller tapes that she was in charge of and that she was conducting. They all are always sequential. What would the teller tapes have shown? They were torn, so the particular transactions were missing, correct? Yes. And teller tapes are torn. There's nothing in and of itself suspicious about the teller tapes being torn from the machine, for example, if you move from one machine to another. But any teller who is behaving in an honest and legitimate fashion, when that's torn off and you move from, let's say, a teller station to the drive-up, which I believe is the case in the May 9th transaction, when you put your teller tape back on the machine, you have to log in again, as the Court is aware, and you have to use again your own password known only to you. And so when you do that, and even the defense witness, Mr. Paras, said that, yes, it would be, should be in sequence, you will pick up at the next sequence. So if there's a missing sequence and only you have had your tape, then only you could have done something to manipulate that transaction and make it look like by either raising the ribbon, which was the conclusion of the bank investigator, so that there's an imprint on a portion of the tape, but not on the actual, when you look at the original tape, you will see 139, 141, and no question that Ms. Villalobos is conducting them both. And there was a backup electronic copy of these transactions. I'm sorry, Your Honor. There was an electronic copy of these transactions? There is an electronic record, I think might be the best word, that would indicate that there was, for example, on May 9th, transaction number 140. And that shows a buyout, excuse me, a purported cash sale to a teller. No records after that. And that's one of the transactions where there appeared to be an imprint. But on the original teller tape, it's 139 and 141, indicating that it's Ms. Villalobos has done something in that moment. So I would simply say that, again, in light of all of the evidence in this case, it would not have substantially affected the verdict. And if I may, with apologies to the Court for any inconvenience, indicate typographical errata that I noticed in preparation for argument. At ER 90, it indicates that the loss is $4,000, and in our brief, we stated it as $8,000. And I didn't want the Court to be confused about the loss. So it's 4,000, not 8,000? Yes. Yes, Your Honor. We also cited to United States v. Shelburne. That should have been Sherburne. Again, my apologies. That's fine. Thank you, Your Honor. Unless it goes to the facts. No. I just didn't want you to think I didn't notice. Thank you, Your Honor. Thank you. If I may speak very briefly to the harmless error argument. You don't have to start back there. Your Honor, this was a circumstantial case. Ms. Villalobos was not caught in the act of taking money. She consistently maintained her innocence, and there was no evidence of any motive for her to take money from the bank. Well, the money came out of her drawer, though, right? It did. Okay, so then what is the alternative theory that she might have taken? Well, there are two possibilities here. And one is, as Your Honor points out, there was an electronic record of all transactions, and there was evidence that Ms. Villalobos knew there was this electronic record, regardless of what manipulations a teller might have done. So there are two possibilities. One is that a teller, knowing that she would get caught, stole money. And the other is that someone far more sophisticated figured out a way to take the money and point to a particular teller. And there were ample opportunities for that to happen, because the teller tapes left the custody of the tellers. They were placed, according to evidence, in a little tray. They were given to the teller coordinator. Two transactions? Both. The teller tape went in a little tray. So, I mean, between 139 and 141, it could be taken out? Throughout the day, according to the testimony. There was no specific testimony as to time, but just that these tapes were turned over to a teller coordinator, placed in a little tray. Eventually, they went out with a courier. The same for those in-out slips regarding money. We also know that the bank maintained a key to the teller drawers. There was no testimony as to who that was. So there are two possibilities here. One, that somebody committed a crime, knowing that all evidence was going to point at her. Or, secondly, that something far more sophisticated was going on. This is all presented. Give me an example of the sophisticated alternative. Okay. Because I'm really having trouble understanding how a third person could steal this money, and that there would be a record of a missing transaction on four different days. Third person gets their hands on the teller tape. Cuts off the transaction that's later discovered to be missing on the teller tape. That same person, if it's, for example, a courier or a teller coordinator, has access to those in-out slips. Those were never found. Well, whoever cut the tape and removing a transaction also took those out of the chain of the bank's accounting system, then they would be never found. As to the money that was not developed at trial, we do know that people other than the teller herself had access to the money drawer. My point isn't to weave a tale of exactly how this could have happened, but to say that had we strengthened a trial argument, that she is not the sort of person who would have committed a crime where all arrows pointed to her and that these other possibilities existed. Okay. All right. Thank you. Counsel, thank both of you. Well argued. Case argued as submitted.
judges: Fisher, Gould, Ikuta